UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN FREDRICKSON,<br><br>    Plaintiff,<br><br>v.<br><br>U. BANIGA, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00398-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR A COPY OF COMPLAINT<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF PRO BONO COUNSEL<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF COPY OF COMPLAINT (ECF NO. 1)<br><br>(ECF NO. 9) |

Warren Fredrickson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 29, 2020, Plaintiff filed a motion requesting an extension of time to file a first amended complaint, a copy of his complaint, and appointment of pro bono counsel. (ECF No. 9).

Plaintiff alleges that he needs an extension of time because the person assisting him was moved and he is now getting assistance from a different inmate. This inmate needs time to review the records. Additionally, Plaintiff notes that there is a delay in all legal activity. Plaintiff

asks that he be given until July 21, 2020, to file his first amended complaint.[1]

Plaintiff asks for a copy of the complaint because it was E-filed and there is not a process for requiring the institution to provide a copy of the filing.

Plaintiff asks for appointment of pro bono counsel because Defendants will have counsel, which will put Plaintiff at an unconstitutional disadvantage.

The Court finds good cause to grant Plaintiff's request for an extension of time and will grant Plaintiff's request for a copy of his complaint. However, the Court will deny Plaintiff's request for appointment of pro bono counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that:

---

[1] Some of Plaintiff's requests are included in a declaration from inmate Gallardo. Going forward, Plaintiff should include his requests for relief in his motion, not in a declaration from the inmate assisting him.

1. Plaintiff has until July 21, 2020, to file his first amended complaint;
2. The Clerk of Court is directed to send Plaintiff a copy of the complaint (ECF No. 1); and
3. Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **June 30, 2020**                    /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE