UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN FREDRICKSON,<br><br>   Plaintiff,<br><br>   v.<br><br>U. BANIGA, et al.,<br><br>   Defendants. | No. 1:20-cv-00398-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 18) |

Warren Frederickson ("plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On August 31, 2020, the assigned magistrate judge screened plaintiff's First Amended Complaint and issued findings and recommendations recommending that this action be dismissed for failure to state a claim. (Doc. No. 13.) The magistrate judge concluded that plaintiff "sufficiently alleged that he had a serious medical need" in connection with an injury to his foot, "and that certain nurses and doctors were aware of this need," but that he "has not sufficiently alleged that any of the nurses or doctors were deliberately indifferent to his serious medical need. (*Id*. at 7.) Plaintiff was provided an opportunity to file objections to the findings and recommendations and then granted an extension to do so. (*See* Doc. No. 15.) The extended deadline to file objections passed, and plaintiff did not filed objections or otherwise responded to the findings and recommendations. The undersigned adopted the findings and recommendations

1

in full on January 8, 2021.  (Doc. No. 16.)

On January 25, 2021, plaintiff filed a motion for reconsideration.  (Doc. No. 18.)  In that motion, plaintiff fails to explain why he did not timely file objections to the findings and recommendations.  Even if plaintiff had provided such an explanation, he has failed to justify reconsideration of the January 8, 2021 order under either possible standard applicable to a motion for reconsideration.

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct *manifest errors of law or fact upon which the judgment is based*; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation and internal quotation marks omitted).

Under Federal Rule of Civil Procedure 60(b),

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As to Rule 60(b)(6), plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (citation and internal quotation marks omitted). Additionally, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  (*Id.*) (citation and internal quotation marks omitted).

/////

1    Plaintiff has failed to set forth facts or law that would satisfy any of the above-mentioned reasons for granting reconsideration.  He explains that, at least in part due to the ongoing public health crisis, he has had difficulty accessing his medical records, difficulty accessing the law library, and difficulty obtaining the assistance of others within the prison that normally would help him with his legal filings.  (*See generally* Doc. No. 18.)  While the court is sympathetic to these logistical difficulties, they do not justify reconsideration of the court's January 8, 2021 order.  As the magistrate judge explained in a September 23, 2020 order granting plaintiff a substantial extension of time to file his objections to the then-pending findings and recommendations: "if Plaintiff needs a further extension of time to object because he is unable to get his medical records, Plaintiff must explain why he needs his medical records to respond to the findings and recommendations.  The Court notes that Plaintiff does not need to submit evidence at this stage of the proceedings." (Doc. No. 15 at 1–2.)  Nonetheless, plaintiff failed to timely request an additional extension and still has not explained why he required his medical records (or any of the other resources he claims to be having difficulty accessing) to address the deficiencies in his claims identified in the findings and recommendations.

Finally, plaintiff's objections request permission to add retaliation claims to this case, including claims alleging that he is being denied access to his medical records as a form of retaliation and/or to prevent him from being able to prosecute this lawsuit. (*See* Doc. No. 18 at 1–2.)  A motion for reconsideration is not an appropriate mechanism to advance such claims because plaintiff's underlying deliberate indifference claim has been dismissed and as such there is no longer an operative complaint for plaintiff to amend.  " '[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60.' "  *Henry v. Adventist Health Castle Med. Ctr.*, 970 F.3d 1126, 1133 (9th Cir. 2020) (quoting *Lindauer v. Rogers,* 91 F.3d 1355, 1357 (9th Cir. 1996)).

/////

/////

/////

3

For the reasons explained above, plaintiff's motion for reconsideration (Doc. No. 18) is denied. This case shall remain closed.

IT IS SO ORDERED.

Dated: **February 11, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE